**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRACEY DIGHTMAN** | § | |
| | § | |
| **V.** | § | **A-10-CA-776-SS** |
| | § | |
| **TEXAS DEPT OF PUBLIC SAFETY, et al** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 3) and Plaintiff's Request for Appointment of Counsel (Clerk's Docket No. 4), both filed on October 6, 2010.[1] The District Court referred the above to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Application to Proceed *In Forma Pauperis***

After considering Plaintiff Tracey Dightman's financial affidavit, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Dightman *in forma pauperis* status.

**II. Frivolousness Review**

**A.    Standard of Review**

When a court determines that a plaintiff is indigent and permits a complaint to be filed without payment of costs, it is required by statute to review the complaint and "shall dismiss the case

---

[1] The Northern District of Texas transferred this case on October 18, 2010, so all of the files up to that date are contained within the transfer documents. This bundle is marked on CM/ECF as Clerk's Doc. No. 6.

at any time if the court determines that . . . the action or appeal is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court will therefore review Dightman's complaint under this standard.

Dightman filed his complaint pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief.) Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

**B.    Dightman's Pleadings**

Plaintiff Tracey Dightman's complaint consists of two sentences: "This County reported to State of Colorado Dept. of Motor Vehicles a conviction not incur[r]ed that resulted in suspension of Commercial Driver License and significant loss of income. And enforcement of false conviction." Attached to this complaint is a series of documents, primarily consisting of letters from officials in Colorado and Texas, which provide insight into what types of claims Dightman is attempting to allege. In liberally construing his pleadings, the Court will incorporate the documents Dightman attached to his complaint, and include the background material set forth there as part of Dightman's factual allegations.

Reviewing these materials, it appears that the facts alleged are these:  On December 9, 2008, the Colorado State Patrol arrested Dightman for driving under the influence, possession of marijuana and drug paraphernalia, and speeding.  When he failed to appear for his court date, the court issued a bench warrant.  This warrant created a lien on the issuance or renewal of licenses in Colorado, and Colorado shared that information with Texas.  While Dightman has apparently not been convicted in Colorado—his attached criminal history only shows an arrest, not a conviction, and the docket sheet from the Colorado case seems to confirm this—the Texas Department of Public Safety (DPS) repeatedly refers to Dightman having a "conviction."  Treating Dightman as if he had been convicted, DPS sent him an order of disqualification, which revoked his commercial driving license from April 11, 2009, until April 10, 2010.  It also requires him to pay a substantial surcharge for that license for the next three years.  Dightman has now filed an application to proceed *in forma pauperis* so he may sue DPS, the Kiowa County (Colorado) Clerk, and the Kiowa County District Attorney.

## C.    Venue and Jurisdiction

This Court is likely not the proper venue for a suit against the Kiowa County Clerk and the Kiowa County District Attorney, as they are located in Colorado.  (Dightman originally filed suit in the Northern District of Texas, which transferred the suit here under the federal venue provisions, 28 U.S.C. §§ 1391, 1404, because the DPS is located in Austin.)  This Court likely also lacks personal jurisdiction over the Colorado defendants.  Additionally, Dightman fails to specifically allege a federal claim in his complaint.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States.  U.S. CONST. art. III §§ 1–2; *Kokkonen*, 511 U.S. at 377.  Federal district

courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The party seeking relief bears the burden of establishing subject matter jurisdiction.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *Peoples Nat'l Bank v. Office of Comptroller of Currency of United States*, 362 F.3d 333, 336 (5th Cir. 2004).

Dightman's succinct Complaint does not state the grounds upon which he is seeking redress. The Court is obligated to liberally construe his pleading, and it finds three possible federal claims: (1) a § 1983 claim based on a taking without due process; (2) a Fair Debt Collection Practices Act (FDCPA) violation, and (3) a federal Fair Credit Reporting Act (FCRA) violation.  The Court will address each claim in turn.

**D.      Section 1983 Taking without Due Process**

Procedural due-process guarantees are invoked when a state actor deprives an individual of a protected life, liberty, or property interest.  *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) ("To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.").  The government must provide reasonable notice to an individual of its intention to deprive him of life, liberty, or property.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313–15 (1950).  The individual must have a meaningful opportunity to be heard.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Mullane*, 339 U.S. at 313–14.

Dightman may have a property interest in his commercial driving license.  *See Leland v. Miss. State Bd. of Registration for Prof'l Eng'rs & Land Surveyors*, 841 F. Supp. 192, 198 (S.D. Miss. 1993) ("Professional licensure can be the subject of a property interest subject to due process requisites.").  But even assuming he has such an interest in his CDL. he was not deprived of it without due process of law.  Notably, the documents attached to his complaint demonstrate that he

4

received three opportunities for a hearing: (1) his original criminal trial in Colorado, at which he failed to appear; (2) a hearing in Colorado to contest the order suspending his license; and (3) a hearing in Texas to contest the notice of denial of renewal of Texas driver license. The availability of these proceedings precludes a claim by Dightman that he was deprived of his CDL without due process. His failure to take advantage of the available processes prevents him from claiming that the State wrongfully took away his driving privileges. He had a meaningful opportunity to be heard—he simply failed to exercise it.

### E.     Fair Debt Collection Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See id.* § 1692k. The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See id.* § 1692a(6).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e; *see also* § 1692e(1)–(16) (listing several activities that violate this section of the FDCPA). In addition to the prohibited activities listed in § 1692e, the FDCPA prohibits practices such as sharing certain information with third parties, § 1692c(b), using unfair or unconscionable means to collect a debt, § 1692f, or engaging in harassment or abuse when collecting a debt, § 1692d.

It appears that Dightman may be alleging that Texas' attempt to collect the three year surcharge for his Colorado conviction is a violation of the FDCPA. The FDCPA establishes a private enforcement system by providing for private causes of action. But Dightman does not allege sufficient facts to support a cause of action against DPS. Dightman does not allege that he has a "debt" under the statute. DPS is requiring Dightman to pay a surcharge to reinstate his license, but that is not a "debt." It is a statutory surcharge outside of the FDCPA definition of a commercial debt. Further, he does not allege that DPS has engaged in any prohibited conduct: he fails to alleged that DPS has harassed him, misrepresented something to him, shared information, used unfair means, or engaged in any other actionable conduct. Accordingly, Dightman has failed to state a claim under the FDCPA.

**F.     Federal Fair Credit Reporting Act**

The FCRA governs the distribution of credit reports and "was crafted to protect an individual from inaccurate or arbitrary information . . . in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989) (internal quotations and citations omitted). *See also*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) ("Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."). While the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations on "furnishers of information" to provide accurate information to consumer credit reporting agencies. *Davis v. World Fin. Network Nat'l Bank*, No. 3-09-CV-0860-N, 2009 WL 4059202 at *2 (N.D. Tex. Nov. 20, 2009). While the FCRA does not explicitly define "furnisher of information," courts have defined the term broadly to mean "an entity which transmits information concerning a particular debt

owed by a consumer to a consumer reporting agency." *Alam v. Sky Recovery Servs., Ltd.*, No. H-08-2377, 2009 WL 693170 at * 4 (S.D. Tex. 2009) (quoting *Thomasson v. Bank One*, 137 F. Supp. 2d 721, 722 (E.D. La. 2001)). Thus, the defendants could be considered "furnishers of information" under the Act.

Again, liberally construing the complaint, it appears that Dightman may be claiming that the Colorado entities violated the FCRA when they furnished information to the DPS. However, Dightman does not allege that the defendants transmitted any information concerning a debt to a consumer reporting agency. In its letter to Dightman, DPS claims that it "does not report surcharges to credit bureaus," and Dightman fails to refute this claim. Further, Colorado sending information to Texas about a licensing issue is not an act within the scope of the FCRA. Dightman cannot maintain this claim either, therefore.

### III. Conclusion & Recommendation

As stated above, the Court **HEREBY GRANTS** Dightman *in forma pauperis* status but **RECOMMENDS** that the District Court **DISMISS** his claim as frivolous under 28 U.S.C. § 1915(e)(2)(B).

### IV. Warnings

Dightman may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE